IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN 2 0 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

ROBBIE SANDLER                                                                     PLAINTIFF

VS.                                       CIVIL ACTION NO.1:04cv901JMR -JMR

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.       DEFENDANT

MEMORANDUM OPINION

This cause comes before the Court on the Motion of the defendant, The Great Atlantic and Pacific Tea Company, Inc. d/b/a Sav-A- Center (herein after referred to as "Sav-A Center") [ 24-1]. After duly considering the record in this action, in addition to the briefs of counsel, the depositions, affidavits and other documentation submitted by the parties, the applicable statutes and case law, and being fully advised in the premises, this Court is of the opinion that there is no genuine issue of material fact and thus, the Motion of the Defendant will be granted on the merits.

Plaintiff seeks damages for the alleged negligence on behalf of the Defendant and for injuries allegedly sustained by the plaintiff when she slipped on a foreign substance while on the premises of the Sav-A-Center store located in Gulfport, Mississippi. Sav-A Center has denied the allegations of the Complaint and has affirmatively answered that it did not create the alleged dangerous condition and had no actual or constructive notice of the condition  This cause was filed in this Court because the amount in controversy exceeded $75,000.00 and complete diversity exists between the parties.

Plaintiff alleges that on November 9, 2002, as a business invitee of Defendant's store, she entered the Wal-Mart store located on East Pass Road in Gulfport, Mississippi. Plaintiff walked to the cat food aisle, selected two cans and proceeded to the check out register. ( Exhibit A to Plaintiff's Response to Motion for Summary Judgment) Plaintiff contends that she put the can on the belt, pushed the cans up a few feet, and stepped back to wait for the cashier to finish with the customer in front of her. As she stepped forward to pay the cashier, Plaintiff allegedly fell as her front of her toe slipped on the floor and she fell forward. As she fell she held on to the counter she was able to prevent her body falling to the floor.

Plaintiff stated in her deposition, that after she fell she looked on the floor and in front of the cash register " there were like spots of blackened - not white, but black and lighter colored spots." ( Defendant 's Exhibit C to Motion for Summary Judgment, p. 73 line 9). When Plaintiff was asked which spot was the resource of her fall, she responded " Okay, This is what I'm not sure of because when I stepped back here to wait for that lady to get through paying, I don't know if I stepped over those black spots. I don't think I did. Or if I hit what was here as-because - now, I don't know if I took one or two steps. See that what I keep thinking about is when I stepped here, I believe it was the ones under the belt that my foot went into when I slipped over there. ...".( Exhibit C to Defendant 's Motion for Summary Judgment p 75). Plaintiff admitted she did not touch the spot. Finally, Plaintiff admitted that she could not honestly say that the spot looked wet. She did not know. Thus, Plaintiff 's testimony does not indicate there was any matter of the floor other then stained linoleum. Plaintiff 's deposition testimony is distinguished by her responses to Interrogatories. She appears to allege that some of the spots were wiped up after she fell. However, she never contends that the spots which were wiped up were wet or slippery. ( Exhibit

C to Plaintiff's Response to Defendant's Motion for Summary Judgment)

Defendants' employees found there was no dangerous condition at the site. Denise Wright, Sav-A-Center's front end manager confirmed that she did not find any fluid, liquid or slippery substance on the floor. She arrived at the site immediately after the accident. Wright avows that she wiped the area in which Plaintiff indicated she fell with a paper towel and found only a few grains of ordinary dirt. ( Exhibit D to Defendant's Motion for Summary Judgment) After viewing paper towel, co-manager Bobby Beeson who reached the same conclusion. (Exhibit E to Defendant's Motion for Summary Judgment).

Under Mississippi law, the owner of business premises open to the public is not the insurer of an invitee's safety .*Jerry Lee's Grocery Inc. v. Thompson,* 528 So.2d 293,295 (Miss.1988). However, the owner of a business premise owes a duty to exercise reasonable care and to keep it s premises in a reasonably safe condition, and if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn of the invitee of the condition. *Waller v. Dixie Land Food Stores*, 492 So.2d 284 (Miss.1986). When a dangerous condition is caused by the operator's own negligence, no knowledge of its existence needs to be shown by the plaintiff for liability to attach. However, when a dangerous condition is caused by a third party unconnected with the store's operation, the burden is on the plaintiff to demonstrate that the store had actual or constructive knowledge of its presence. *Id.* Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known about it

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if the pleadings , depositions, answers to interrogatories and admissions on

3

file together with affidavits, if any, show there are no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S.317,322 (1986). Once the moving party presents a basis for summary judgment, the non moving party must present sufficient evidence to create a factual dispute on material issues. Rule 56(e) of the Federal Rules of Civil Procedure. Factual disputes must be both genuine and material and " if the evidence is merely colorable, or is not significantly probative summary judgment may be granted." *Anderson v. Liberty Lobby*, Inc, 477 U.S.242 (1986).

The Court finds that Plaintiff has not demonstrated any genuine issues of material fact regarding as to the condition of the floor in the Sav-A Center on the date and time of the plaintiff's accident and has not raised an issue of genuine material fact as to Sav-A-Center's actual and /or constructive knowledge of the Defendant's agents regarding the floor's condition. There has been no proof presented that there was any condition which caused the Plaintiff to slip. Thus, the Court finds that Defendant's Motion for Summary Judgment should be granted.

## Conclusion

IT IS THEREFORE ORDERED ADJUDGED AND DECREED, that Defendant's Motion for Summary Judgment be granted

DATED, this the 20th day of June, 2006

_____
UNITED STATES MAGISTRATE JUDGE